UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 777 PARTNERS LLC and<br>INSURETY CAPITAL LLC,<br><br>    Plaintiffs,<br>v.<br><br>CHRISTOPHER JAMES<br>PAGNANELLI,<br><br>    Defendant. | Civil Action No.<br>1:20-CV-20172-JEM |

### LANDON JORDAN'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NON-PARTY REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, and all other applicable law, Respondent Landon Jordan serves these Objections and Responses to Plaintiffs' Non-Party Request for Production of Documents.

### GENERAL OBJECTIONS NOT APPLICABLE TO SPECIFIC REQUEST

Respondent objects because of defective service. Landon Jordan was not personally served. The subpoena was simply delivered to an office (where Mr. Jordan was not even present). Based on this objection, Respondent will not comply with the subpoena.

Respondent also objects to the date and time for compliance as creating undue burden to Respondent prohibited by Rule 45. The subpoena was served upon Respondent on February 1, 2021, but required compliance on February 2, 2021. Compliance within a one-day period of time is obviously an undue burden and is likely impossible. Thus, the plaintiffs and the issuing attorney have failed to take reasonable steps to avoid undue burden to Respondent as required by Rule 45(d)(1). Based on this objection, Respondent will not comply with the subpoena.

**Exhibit 11**

Respondent also objects to the subpoena as requiring undue expense by Respondent prohibit by Rule 45. The document requests propounded by the issuer are incredibility broad and would encompass hundreds, perhaps thousands, of documents and would require review of thousands more documents. Further, numerous responsive documents would implicate attorney-client and work product privileges. All of this would impose considerable expense on Respondent. Moreover, the plaintiffs are well aware of the scope of documents and privilege issues because Insurety Capital, LLC has participated extensively in a bankruptcy proceeding involving AWIS and AHCM—two of the subject of the document requests—in which NIIA has also featured prominently. Yet, they made no effort to compensate Respondent or ease Respondent's expense of production in any other way (such as through more narrowly targeted requests. Thus, the plaintiffs and the issuing attorney have failed to take reasonable steps to avoid undue expense to Respondent as required by Rule 45(d)(1). Based on this objection, Respondent will not comply with the subpoena.

Respondent also objects to instruction 2. There is no basis under federal law to make an obligation to respond "continuing" or to require supplementation by a third party. Any obligation to supplement found in the federal discovery rules is limited to parties to a lawsuit. Based on this objection, Respondent will not comply with the instruction.

Respondent also objects to instruction 4. The federal rules of civil procedure and federal law indicate what is required when assert a privilege. This instruction seeks to impose additional requirements than imposed by federal law and the requirements it seeks to impose themselves impose an undue burden and expense upon Respondent. Based on this objection, Respondent will not comply with the instruction.

Respondent also objects to instruction 5. The instruction seeks to force Respondent to choose an interpretation for an ambiguous request and provide

information in addition to a response to the request. It is the proponent of written discovery that has the obligation to propound clear requests. It is not the responding party's obligation—particularly a third party to litigation—to identify the lack of clarity in a request and then essentially rewrite the requests. Based on this objection, Respondent will not comply with the instruction.

Respondent also objects to the time period in instruction 8 as not reasonably limited in time. There is no reason to believe such time period is appropriate and the time period imposes greater undue burden and expense upon Respondent than still overly burdensome burden and expense from a more limited time period. Based on this objection, Respondent will not comply with the instruction.

The foregoing objections are incorporated by reference, as applicable, as if fully set forth in each of Respondent's responses to the following requests for production.

## REQUESTS

1. All Documents and Communications between You and Defendant discussing, relating to, or referencing the Company, its employees, managers, members, owners or affiliates.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order

other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.


2. All Documents and Communications between You and Defendant discussing, relating to, or referencing the insurance distribution space.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the

Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

3. All Documents and Communications between You and Defendant relating to, discussing, referencing, or proposing a commission advance program.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent

could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

4. All Documents and Communications between You and Defendant discussing, relating to, or referencing any of the Company's past, current, or prospective customers.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be

legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

5. All Documents or Communications within your control that discuss, relate to, or reference Defendant and AWIS.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

6. All Documents or Communications within your control that discuss, relate to, or reference Defendant and AHCM.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

7. All Documents or Communications within your control that discuss, relate to, or reference Defendant and Agentra.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

8. All Documents or Communications within your control that discuss, relate to, or reference Defendant and NIIA.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

9. All Documents or Communications within your control that discuss, relate to, or reference Defendant and Rendon Management Group, LLC.

**OBJECTION:**

Pearson objects to this request based on relevance and overbreadth. None of the documents sought by this request are relevant to this lawsuit. Further, even if a handful of documents might have some minor relevance to the dispute to which they relate, most of the documents sought in this request obviously would not. The Plaintiffs have made no effort to reasonably limit the scope of this request to a narrower subset of documents.

Pearson further objects to this request because the breadth of the request and lack of specificity makes it vague as to the documents the Plaintiffs believes are actually relevant to the claims or defense in their lawsuit. In order other words, even if Respondent was obligated to limit the scope of the Plaintiffs request—a task the Plaintiffs should have undertaken—Respondent could not determine what narrower scope of documents might actually be legitimately sought by the Plaintiffs in relation to their claims.

Respondent further objects to the request to the extent that it calls for the disclosure of documents subject to the attorney-client privilege or work product privilege.

Pearson further objects to this request as unduly burdensome and expensive. Any conceivable benefit or relevance to the Plaintiffs from the documents requested is substantially outweighed by the numerous hours of effort and expense that would be required of Respondent to respond to the request as drafted.

**RESPONSE**:

Based on the foregoing objections, Respondent will not produce any documents in response to this request.

Dated: February 1, 2021                     Respectfully Submitted,

**SPENCER FANE LLP**

By:      */s/ Brian W. Zimmerman*
Brian W. Zimmerman
State Bar No. 00788746
FBN: 18979
bzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1300
Houston, TX 77056
Telephone:   713-552-1234
Facsimile:    713-963-0859
**ATTORNEYS FOR RESPONDENT LANDON JORDAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February, 2021, I served all counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(2).

*/s/ Nick Reisch*
Nick Reisch