# EXHIBIT L

CAUSE NO. 2019-53545

| | | |
|---|---|---|
| INSURETY CAPITAL LLC, | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | | |
| v. | | |
| AMERICAN WORKERS INSURANCE SERVICE, INC., AND ASSOCIATION HEALTH CARE MANAGEMENT, INC., | | HARRIS COUNTY, TEXAS |
| Defendants. | | 215th JUDICIAL DISTRICT |

## AFFIDAVIT OF JOSEPH SAFINA

STATE OF FLORIDA §
§
COUNTY OF BROWARD §

Before me, the undersigned authority, on this day personally appeared Joseph Safina, the affiant, known to me to be the person whose name and signature appears on this document. After, being duly sworn upon oath, Mr. Safina stated the following:

1. I am more than twenty-one years of age and fully competent to make this affidavit.

2. I co-own a factoring company called Financial Carrier Services, which provides factoring services to the trucking industry. Factoring involves loaning money to businesses. The obligation to repay this financing is secured by certain assets of the borrower, often accounts receivable.

3. I was recently introduced to Landon Jordan and Christopher ("CJ") Pagnanelli about a potential business transaction. I understand Landon Jordan is a principal in American Workers Insurance Service, Inc. ("AWIS") and related companies that sell certain insurance

CONFIDENTIAL

EXHIBIT PX 032

INSURETY_0000075

policies and similar products. I understand that CJ Pagnanelli is a former employee of Insurety Capital and Producer Advance, both companies that provide advances for insurance companies, like AWIS, based on future commissions.

4. Mr. Pagnanelli then told me that he and Mr. Jordan owned or controlled another agency called NIAA, which had another book of business with another list of agents. NIAA is not listed in the name of Mr. Pagnanelli or Mr. Jordan.

5. I had calls with both Mr. Jordan and Mr. Pagnanelli. Our counsel, Nichele Marks had other telephone conferences with Mr. Pagnanelli regarding commission advances for the agency NIIA. Mr. Pagnanelli pitched the commission advance business model, which included providing me with detailed spreadsheets and other documents about the model.

6. Financial Carrier Services factors or finances only when it can have priority rights to the collateral. My team ran UCC lien searches for the agencies NIIA presented to receive advance commissions and discovered that Insurety Capital had UCC filings on these commissions.

7. Mssrs. Jordan and Pagnanelli told me that Insurety's liens were unenforceable.

8. Mr. Pagnanelli told us that Mr. Jordan was already writing new business under this new agency, NIIA.

9. Mr. Pagnanelli and Mr. Landon wanted my company to loan money to be used in connection with their sales for NIAA. Because company policy requires Financial Carrier Services to have first priority security interest, we told Mssrs. Jordan and Pagnanelli we would not enter into a business relationship with them.

10. Mr. Jordan told me that the TRO issued in this case was not enforceable and that Insurety had no credible claim to collect the commissions.

11. In performing my due diligence in order to decide whether to do business with Mr. Jordan and Mr. Pagnanelli, I contacted representatives of Insurety to discuss NIIA's offer and Insurety's view of its relationship with AWIS. Insurety provided me with pleadings from this case and answered my questions. I then decided on my free will to provide this affidavit.

12. I swear that all of the statements above are true and correct.

_____
Joseph Safina

SUBSCRIBED AND SWORN TO before me on August 27, 2019.

_____
Notary Public in and for the State of FL
My commission expires: 07/17/2023

Notary Public State of Florida
David F Schneider
My Commission GG 315129
Expires 07/17/2023

CONFIDENTIAL
INSURETY_0000077