UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-20172-CIV-MARTINEZ-OTAZO-REYES

777 PARTNERS LLC and
INSURETY CAPITAL, LLC,

    Plaintiff,

v.

CHRISTOPHER JAMES PAGNANELLI,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to Defendant's Motion for Partial Summary Judgment (the "Motion"), (ECF No. 197). (ECF No. 213 at 1.) Then, on October 11, 2022, Magistrate Judge Otazo-Reyes held a hearing on the Motion. (ECF No. 221.) On November 16, 2022, Magistrate Judge Otazo-Reyes filed an extensive and well-reasoned Report and Recommendation, which recommended that the Motion be granted in part and denied in part (the "R&R"), (ECF No. 232.) Plaintiffs timely filed their objections to the R&R with respect to Magistrate Judge Otazo-Reyes's findings and recommendations related to Counts I, III, and IV of the Third Amended Complaint. (ECF No. 233.) Defendant also timely filed his objections to the R&R, which challenged Magistrate Judge Otazo-Reyes's findings and recommendations related to Counts I, III, and IV. (ECF No. 234.) Plaintiffs responded to Defendant's objections, (ECF No. 239), and Defendant responded to Plaintiffs' objections, (ECF No. 240).

This Court reviewed the entire file and record and made a de novo review of the Motion and the issues that Plaintiffs' and Defendant's objections to the R&R present. This Court finds that the issues raised in the Parties' respective objections were already thoroughly addressed in the R&R, (ECF No. 232), save one:

In their objections, Plaintiffs argue that Magistrate Judge Otazo-Reyes erred in granting Defendant summary judgment as to Plaintiffs' lost profits claims in Counts III and IV because Plaintiffs failed to comply with Federal Rule of Civil Procedure 56(d). (ECF No. 233 at 3–5.) Plaintiffs argue that Magistrate Judge Otazo-Reyes should have recommended deferring ruling on or denying the Motion with respect to those counts because justice requires either recommendation in this case. (*Id.* at 3–4.) In support of this position, Plaintiffs cite to *Frazier v. Doosan Infracore Int'l, Inc.*, 479 F. App'x 925, 931 (11th Cir. 1999) (second alteration in original) (quoting *Fernandez v. Bankers Nat'l Life Ins.*, 906 F.2d 559, 570 (11th Cir. 1999)), for the proposition that a party is not required to "file an affidavit to receive protection under [Rule 56(d)] because, at times, justice requires postponing a ruling even where 'the technical requirements of Rule [56(d)] have not been met.'" Rule 56 reads, in pertinent part, as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) Issue any other appropriate order.

Fed. R. Civ. P. 56(d).

True, the Eleventh Circuit does not require strict compliance with Rule 56(d)—*when justice so requires*—as in cases where a motion for summary judgment has been filed in the preliminary stages of the litigation while discovery remains ongoing, *see, e.g., EmCyte Corp. v. XLMedica, Inc.*, No. 2022 WL 16743835, at *2 (M.D. Fla. Nov. 7, 2022) (deferring ruling on

2

partial motion for summary judgment even where nonmovant did not provide Rule 56(d) affidavit because discovery deadline had not yet passed); *Snow v. King*, No. , 2018 WL 10373699, at *1 (N.D. Ala. July 5, 2018) (denying partial summary judgment without prejudice where nonmovant failed to file a Rule 56(d) affidavit and movant moved for summary judgment well before discovery deadline), or when the party responding to a motion for summary judgment is proceeding *pro se*, *see, e.g.*, *Frazier*, 479 F. App'x at 931; *Bouey v. Orange Cnty. Serv. Unit*, No. 14-cv-48, 2014 WL 12887341, at *3 (M.D. Fla. Oct. 3, 2014). Here, the circumstances warrant granting Defendant summary judgment as to Plaintiffs' claims for lost profits as to Counts III and IV, consistent with the R&R.

This case has been pending for nearly three years now, and Plaintiffs have been given ample time to conduct discovery and prepare their causes of action against Defendant, having been, for instance, granted leave to file three amended complaints. Moreover, Plaintiffs have been represented by learned counsel throughout the entirety of this litigation. Plaintiffs' failure to provide any basic support for their claims for lost profits, either in their initial disclosures or otherwise, other than conclusory statements that they "lacked the 'opportunity to engage in any meaningful discovery'" with respect to those lost profits, (ECF No. 232 at 20), does not alleviate Plaintiffs' burden to comply with Rule 56(d) via an affidavit or declaration, which must be filed under penalty of perjury. *See, e.g.*, *Smedley v. Deutsche Bank Tr. Co. Ams.*, 676 F. App'x 860, 862–63 (11th Cir. 2017) ("[V]ague assertions that additional discovery will produce needed, but unspecified facts fail to meet this burden [under Rule 56(d)]."). This is particularly true considering Plaintiffs extensively relied upon Rule 56(d) in their response in opposition to the Motion. (ECF No. 204 at 19–20.) Justice does not compel departure from Rule 56(d)'s affidavit or declaration requirement under these circumstances. *See, e.g.*, *Smedley*, 676 F. App'x at 862–

63 (11th Cir. 2017) (holding that district court did not abuse its discretion in granting summary judgment in defendant's favor before close of discovery where, *inter alia*, plaintiff failed to comply with Rule 56(d)'s affidavit or declaration requirement); *see also Forbes v. Wal-Mart Stores, Inc.*, No. 17-81225-CIV, 2019 WL 3859010, at *8 (S.D. Fla. Aug. 16, 2019) (granting summary judgment in defendant's favor without considering plaintiff's request to defer ruling under Rule 56(d) "when such a request [was] not set forward in a separate motion but [was] instead inserted into a response to summary-judgment motion."). Therefore, after careful consideration, it is **ADJUDGED** that the R&R, (ECF No. 232), is **AFFIRMED** and **ADOPTED**. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' objections, (ECF No. 233), are **OVERRULED**.
2. Defendant's objections, (ECF No. 234), are **OVERRULED**.
3. The Motion, (ECF No. 197), is **GRANTED IN PART** with respect to:
   a. the non-solicitation and non-disparagement breach of contract claims in Count I;
   b. the non-solicitation and non-disparagement breach of fiduciary duty claims in Count II, to the same extent as Count I;
   c. the claim for lost profits in Counts III and IV; and
   d. Count V.
4. The Motion, (ECF No. 197), is **DENIED IN PART** in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28 day of December, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record