UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-20172-CIV-MARTINEZ

777 PARTNERS LLC and
INSURETY CAPITAL LLC,

      Plaintiffs,

v.

CHRISTOPHER JAMES PAGNANELLI,

      Defendant.
_____/

**DEFENDANT'S *EXPEDITED MOTION* TO RECONSIDER AND VACATE ORDER DENYING MOTION TO AMEND THE COURT'S FINDINGS AND JUDGMENT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant Christopher James Pagnanelli, hereby moves the Court for entry of an Order on an expedited basis reconsidering and vacating the Order Denying Motion to Amend the Court's Findings and Judgment, or in the Alternative, for a New Trial (ECF No. 309, referred to herein as the "Order") pursuant to Rules 59(e) and 60(b)(1) Federal Rules of Civil Procedure [1] and Local Rule 7.1. This Motion is brought on an **expedited basis** pursuant to Local Rule 7.1(d) and a ruling on this Motion is respectfully requested on or before April 26, 2024. For the reasons set forth herein, Defendant's Motion to Reconsider and Vacate ("Motion") should be granted and the Court's March 28, 2024 Order should be vacated *nunc pro tunc*.

---

[1] Motions to reconsider are often construed as a Rule 59(e) motion. *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010). However, a motion to vacate an order entered as a result of an error of law is also properly brought under Rule 60(b)(1). *Kemp v. U.S.*, 596 U.S. 528, 534-35 (2022).

1

**<u>Grounds for Expedited Motion</u>**

Defendant seeks expedited consideration and a ruling on this Motion, pursuant to Local Rule 7.1(d)(2), on or before April 26, 2024, in order to preserve his appellate rights and to avoid an unnecessary appeal which must be filed by April 29, 2024 if expedited relief is not granted. The Order denied Defendant's Motion to Amend the Court's Findings and Judgment, or in the Alternative, for a New Trial (ECF No. 297) (the "Motion to Amend") on the basis that it was untimely pursuant to Rules 52(b) and 59(b). Respectfully, this ruling was manifestly erroneous as discussed below. Rules 52(b) and 59(b) both require that a motion be filed within 28 days after *entry* of a judgment. The Court's Findings of Fact (ECF No. 295) and Final Judgment (ECF No. 296) were signed on July 14, 2024, but both were entered on July 17, 2024.[2] The entry date of July 17, 2024 is reflected both on the ECF data lines affixed to the top of each page of the Findings and Conclusions and the Final Judgment, as well as on the Court's docket. Therefore, Defendant's Motion to Amend was timely filed on August 14, 2024, i.e., 28 days after the Final Judgment was entered. The Order impacts upon Defendant's appellate remedies. Based upon the Court's conclusion that the Motion to Amend was not timely filed, Defendant's time to appeal the Final Judgment is potentially not tolled, and Defendant's time to appeal the Order (and the underlying Judgment) expires after April 29, 2024. However, because the Motion to Amend was timely filed, it is appropriate to correct this error in order to avoid an unnecessary appeal. A likely result of such an appeal would be a remand to this Court to consider the timely Motion to Amend, which is wasteful of judicial resources and would delay the orderly progress of this matter. For this reason,

---

[2] While not expressly stated in the Order, Defendant believes that the Court may have mistakenly used the date the Findings and Conclusions and the Final Judgment were signed, July 14, 2024, rather than the date they were entered by the Clerk, July 17, 2024, in reaching the erroneous conclusion that the Motion to Amend was untimely.

Defendant respectfully requests expedited consideration of this Motion and a ruling on or before April 26, 2024.

## Memorandum of Law

Relief under Rule 59 may be granted based upon manifest error of law, mistake of fact, or newly discovered evidence. *See 200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-CIV, 2013 WL 12086770, at *1 (S.D. Fla. Nov. 4, 2013); Fed. R. Civ. P. 59(a)(1)(B). Similarly, Rule 60(b)(1) permits a party to seek relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." The word "'mistake' in Rule 60(b)(1) includes legal errors made by judges." *Kemp v. U.S.*, 596 U.S. at 535. This includes errors of both fact and law. *Id.* at 534. "Rule 60(b) is to be given a liberal construction so as to do substantial justice and 'to prevent the judgment from becoming a vehicle of injustice.'" *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (citations omitted). *See Harris v. Ledford Farms, Inc.*, No. l2–20743–CIV, 2013 WL 5538887 at * 2 (S.D. Fla. Oct. 8, 2013) (citing *United States v. Gould*, 301 F.2d 353, 357 (5th Cir. 1962) (liberally construing Rule 60(b)(1)).[3] In deciding a Rule 60 motion, an "important equitable consideration is whether the litigants received a ruling on the merits of their claims." *MIF Realty L.P.*, 92 F.3d at 756. A motion brought under Rule 60(b)(1) must be filed within one year after entry of the order to be considered. Rule 60(c)(1). Under either Rule 59 or Rule 60, the Court should correct its error and vacate the Order *nunc pro tunc*.

## Defendant's Motion to Amend was Timely

While the Court's Findings of Fact (ECF No. 295) and Final Judgment (ECF No. 296) in the instant action were *signed* on July 14, 2023, both were *entered* on July 17, 2023. The date of entry is reflected on the ECF data lines of both documents. The Final Judgment states as follows:

---

[3] Fifth Circuit decisions issued prior to September 30, 1981 are deemed binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

12919489-2

"Case 1:20-cv-20172-JEM Document 296 *Entered on FLSD Docket 07/17/2023*" (emphasis added). The Findings of Fact and Conclusions of Law states as follows: "Case 1:20-cv-20172-JEM Document 295 *Entered on FLSD Docket 07/17/2023*" (emphasis added). Similarly, the Court's docket lists the entry dates of both documents as July 17, 2023.

| 07/14/2023 | 295 | FINDINGS OF FACT AND CONCLUSIONS OF LAW. Plaintiffs are entitled to judgment in their favor and against Defendant as to Counts I, III, and IV of the Third Amended Complaint. Defendant is entitled to judgment in his favor and against Plaintiffs as to Count II of the Third Amended Complaint. Plaintiffs are entitled to judgment in their favor and against Defendant as to the Counterclaim. Plaintiffs are awarded $8,949,205.25 in damages, plus interest at the statutory rate from the date of the Final Judgment. Plaintiffs are entitled to attorneys' fees under the DTSA or FUTSA, in an amount to be determined by separate motion and order. This Court reserves jurisdiction to tax costs and determine the extent to which Plaintiffs are entitled to attorneys' fees. Defendant is ORDERED to cease using Plaintiffs' trade secrets, including the Updated Pagnanelli Model or any pro forma (as Defendant refers to such models) that are derived from the Updated Pagnanelli Model or any other trade secret owned by Plaintiffs. Final Judgment shall enter by separate order. The Clerk is DIRECTED to CLOSE this case and DENY all pending motions as MOOT. Signed by Judge Jose E. Martinez on 7/14/2023. *See attached document for full details.* (nan) (Entered: 07/17/2023) |
|---|---|---|
| 07/14/2023 | 296 | FINAL JUDGMENT in in favor of Plaintiffs 777 Partners LLC and Insurety Capital LLC and against Defendant Christopher James Pagnanelli as to Counts I, III, and IV of the Third Amended Complaint. Judgment is entered in favor of Defendant Christopher James Pagnanelli and against Plaintiffs 777 Partners LLC and Insurety Capital LLC as to Count II of the Third Amended Complaint. Judgment is entered in favor of Counter-Defendant 777 Partners LLC and against Counter-Plaintiff Christopher James Pagnanelli as to the Counterclaim. Plaintiffs 777 Partners LLC and Insurety Capital LLC shall recover the total amount of $8,949,205.25, in damages, plus post-judgment interest at the statutory rate from the date of this Final Judgment, for which sum let execution issue, forthwith. Post-judgment interest shall accrue as set forth in 28 U.S.C. § 1961.Plaintiffs 777 Partners LLC and Insurety Capital LLC is entitled to recover from Defendant Christopher James Pagnanelli attorneys' fees under the DTSA or FUTSA, in an amount to be determined by separate motion and order. This Court reserves jurisdiction to tax costs and determine the extent to which Plaintiffs are entitled to attorneys' feesPlaintiffs 777 Partners LLC and Insurety Capital LLC have until and including Friday, August 18, 2023, to file a motion for attorneys' fees. Defendant Christopher James Pagnanelli is ORDERED to cease using Plaintiffs777 Partners LLC and Insurety Capital LLCs trade secrets, including the Updated Pagnanelli Model, any pro forma that are derived from the Updated Pagnanelli Model, and any other trade secret owned by Plaintiffs. This case is CLOSED, and all pending motions are DENIED as MOOT. Signed by Judge Jose E. Martinez on 7/14/2023. *See attached document for full details.* (nan) (Entered: 07/17/2023) |

The date appearing in the left-hand column, "7/14/2023," is the filing date and the entry date, "07/17/2023," appears at the end of the description of the docket entry. *Nat'l Sav. Bank of*

*Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 (S.D. Fla. 1989) (describing contents of docket entries). The "legally operative date from which a party must take some action from the entry of an order" is the entry date. *Id*. "[T]he terms "dated," "filed," and "entered" are not to be used interchangeably. The term "dated" refers to the date the order is *signed* by the judge; the term "filed" indicates the date the order is *file stamped* by the Clerk; the term "entered" represents the date the order was actually *recorded* on the docket sheet by the Clerk." *Id*. at n.9 (emphasis in original). *See Morales v. Lucilas Cake's Bird Rd. Store LLC*, No. 21-23513-SCOLA/GOODMAN, 2022 WL 3084436 at *1, n.1 (S.D. Fla. Apr. 26, 2022) (distinguishing between signing, filing and entering an order – an order is entered "when it is actually recorded on the docket sheet"); Rule 58(c) (judgment is entered when it is entered by the Clerk on the civil docket pursuant to Rule 79); *see also Cadkin v. Loose*, 569 F.3d 1142, 1146, n.2 (9th Cir. 2009) (distinguishing between "*filed* date" and "*entered* date" in holding appeal was timely as measured from the entered date). Here, both the Findings of Fact and Conclusions of Law, as well as the Final Judgment were entered on July 17, 2023, not on July 14 when the documents were signed.

Defendant's Motion to Amend was brought pursuant to Rules 52(b), 59(a), and 59(c). A motion brought under each of these Rules is required to "be filed no later than 28 days after the *entry* of judgment." Rules 52(b), 59(a), and 59(c) (emphasis added). Defendant's Motion to Amend was filed on August 14, 2022, within 28 days after the Final Judgment was entered. Defendant's Motion was undeniably timely. "[T]he 28-day period in which to file a Rule 59 Motion is triggered not when the Final Judgment is *signed*, but rather '28 days after the *entry* of the judgment.'" *Precision Wellness, LLC v. Demetech Corp.*, No. 22-cv-20976-BLOOM/Otazo-Reyes, 2023 WL 5448038 at *4 (S.D. Fla. Aug. 24, 2023) (emphasis in original). *See Guevara v. NCL (Bahamas) Ltd.*, Case No. 15-24294-CIV-WILLIAMS, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017);

5

12919489-2

*U.S. v. Masko*, No. 5:99–CR–13–02, 2010 WL 10972321, at *2 (N.D. Va. Aug. 3, 2010); *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213,1214 n.1 (S.D. Fla. 1994). Defendant's Motion to Amend, filed on August 14, 2023, within 28 days after the judgment was entered on July 17, 2023, was timely. The Court's Order finding it was untimely was clearly and indisputably erroneous. Under either Rule 59 or Rule 60, the Court should correct its manifest error and vacate the Order *nunc pro tunc*.

WHEREFORE, Defendant moves this honorable Court, on an expedited basis, to reconsider and vacate *nunc pro tunc* its Order Denying Motion to Amend the Court's Findings and Judgment, or in the Alternative, for a New Trial (ECF No. 309) on or before April 26, 2024, clarify that the Motion to Amend the Court's Findings and Judgment, or in the Alternative, for a New Trial, remains under submission, and issue any other relief as the Court may deem proper. The Court may then consider the merits of the Motion to Amend separately on a non-expedited basis.

## CERTIFICATE OF CONFERRAL

Under Local Rule 7.1(a)(3), Defendant's counsel certifies that he conferred with Plaintiff's counsel on the relief sought in this Motion and **Plaintiff does not agree to the relief sought herein**.

Dated: April 5, 2024                              Respectfully submitted,

 

                                                              BERGER SINGERMAN LLP
                                                              Attorneys for Defendant Pagnanelli
                                                              201 E. Las Olas Blvd. Suite 1500
                                                              Fort Lauderdale FL 33301
                                                              ph: 954-525-9900 / fx: 954-523-2872

By:   */s/ Leonard K. Samuels*
           Leonard K. Samuels
           Florida Bar No. 501610

12919489-2

        lsamuels@bergersingerman.com
        Kenneth W. Waterway
        Florida Bar No. 0994235
        kwaterway@bergersingerman.com
        Jessica Z. Greenburg
        Florida Bar No. 100827
        jgreenburg@bergersingerman.com

## CERTIFICATE OF SERVICE

I certify that on April 5, 2024, I electronically filed the foregoing through the Document Filing System (CM/ECF) of the United States District Court for the Southern District of Florida, which will provide notice and access to a true service copy of this submission to all counsel of record, including:

Saul Ewing Arnstein & Lehr LLP
*Counsel for Plaintiffs*
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone: 561-833-9800
Facsimile: 561-655-5551
Email:  John.gekas@saul.com
       John.turner@saul.com
       Linda.dunne@saul.com
       Wpb-ctdocs@saul.com
       Steven.appelbaum@saul.com
       Jessica.barrero@saul.com
       Bennet.blachar@saul.com
       Bonnie.mcleod@saul.com
       Mia-ctdocs@saul.com

        By: */s/ Leonard K. Samuels*
        Leonard K. Samuels

12919489-2